IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01687-REB-MEH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Plaintiff,
v.

BARBARA FISHER,
LORRIE VASQUEZ, Mother and next friend of Jeremy Vasquez (a/k/a Jeremy Vialpando),
JEREMY VASQUEZ (a/k/a Jeremy Vialpando),
STACY MOORE, Mother and next friend of Caleb Moore, and
CALEB MOORE, individually,

    Defendants.

---

**ORDER ON DEFENDANTS' SECOND AND THIRD MOTIONS TO COMPEL**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants Vasquez/Vialpando and Moore's Second Motion to Compel [filed February 9, 2009; docket #40] and Third Motion to Compel [filed February 9, 2009; docket #42].[1] These matters are briefed and have been referred to this Court. (Dockets # 41, 43.) Oral argument would not materially assist the Court in adjudicating these motions. For the reasons stated below, the Court **grants** the Second Motion to Compel and **grants in part** and **denies in part** the Third Motion to Compel.

**I.    Facts**

The parties describe the following undisputed facts in the Scheduling Order. (Docket #24 at 7-8.) On November 5, 2007, Defendants Jeremy Vialpando and Caleb Moore and non-party

---

[1] Defendant Barbara Fisher joins in the Third Motion to Compel. Defendant Barbara Fisher's Joinder in the Third Motion to Compel Filed by Defendants Vialpando and Moore [filed February 16, 2009; docket #50].

Robert Ellsworth were passengers in a 1991 Ford Explorer operated by Michael Fisher. Defendant Vialpando received a telephone call from non-party Tiffany Howard. Ms. Howard asked Vialpando to pick her up from her residence because she was concerned about the conduct of non-party Andrew Brown, with whom she had recently ended a relationship. Michael Fisher agreed to pick up Ms. Howard and did pick up Ms. Howard. Shortly after picking up Ms. Howard, Michael Fisher and his passengers became aware that they were being chased by a 1991 Chevrolet Suburban operated by the aforementioned Andrew Brown, who had been watching Ms. Howard's residence. In his 1991 Chevrolet Suburban, Mr. Brown chased Fisher's 1991 Ford Explorer and its occupants for over two miles and in excess of six minutes southbound on Murray Boulevard in Colorado Springs, while some of the occupants of the Fisher vehicle were on the phone with a 911 operator.

While proceeding south on Murray Boulevard, the Suburban operated by Mr. Brown pulled up alongside Michael Fisher's vehicle. Mr. Brown fired a shotgun at the vehicle, striking Defendant Vialpando. Defendant Moore was struck by flying glass caused by the shotgun blast. After Mr. Brown fired his shotgun into the vehicle, Mr. Fisher immediately pulled his vehicle over to the side of the road. Mr. Fisher, Ms. Howard, Mr. Moore and Mr. Ellsworth exited the vehicle. Mr. Brown turned his vehicle around, stopped and exited his vehicle.

Mr. Fisher was attempting to obtain assistance from a third party when Mr. Brown exited his vehicle. Mr. Brown fired his shotgun at Mr. Fisher as he attempted to flee, causing Mr. Fisher's death. Immediately thereafter, Mr. Brown killed himself. On November 5, 2007, the Fisher vehicle was insured by State Farm policy 142 5836-D05-06, which policy included Uninsured/Underinsured motorist coverage. On November 5, 2007, Mr. Brown's vehicle carried liability insurance under a policy with GEICO. GEICO has declined to indemnify Mr. Brown or his estate for the bodily injury

2

and/or wrongful death claims asserted by Mr. Vialpando, Mr. Moore, and Ms. Fisher.

**II.     Background**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") initiated this declaratory judgment action on August 8, 2008. (Docket #1.) Plaintiff seeks the Court to declare that "State Farm has no duty to compensate Defendants under the uninsured/underinsured motorist policies issued to Michael and Barbara Fisher," because State Farm contends the incident giving rise to Defendants' injuries falls outside of the scope of the insuring agreement in this matter. State Farm asserts that Defendants' injuries were not "caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle," and thus, are not covered by the State Farm policy. (*Id*. at 6.)

The present motions are as follows. First, Defendants Vialpando and Moore seek evidence of Plaintiff's handling of coverage issues in car-to-car shooting cases in Colorado for the past ten years. Second, Defendants Vialpando and Moore, as well as Fisher, seek two documents: a "Claim Committee Report" and an opinion letter regarding coverage written by Plaintiff's counsel to Plaintiff State Farm.

**III.    Legal Standard**

The scope of evidence subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested

discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004). In diversity jurisdiction cases, such as this one, state law controls any issues of privilege raised by the parties. *Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). The Court addresses each request in turn.

IV.    **Analysis**

    A.    *Plaintiff's Prior Car-to-Car Shooting Coverage Documents*

The Court agrees with the Defendants that the files relating to prior car-to-car shootings are sufficiently relevant to warrant discovery (although admissibility will be a significantly more difficult burden for Defendants). The Court also agrees with Defendants' statement (although relying on intuition more than knowledge) that there simply cannot be a significant number of files inclusively involving State Farm Mutual Automobile Insurance Company, the State of Colorado, *and* car-to-car shootings over the past ten years. This does not appear to be a burdensome request.[2] The parties are directed to confer and devise a method by which confidential information in these files is either redacted or subjected to a protective order.

    B.    *Coverage Opinion and Claim Committee Report*

Both parties cite to the law governing the "at issue" waiver of privilege and rely on the leading case of *Mountain States Telephone & Telegraph Co. v. DiFede*, 780 P.2d 533 (Colo. 1989). The *DiFede* Court established that a party impliedly waives a privilege by engaging in some affirmative action such as filing a lawsuit, and through such affirmative act the party puts the protected information "at issue." As a result, application of the privilege to the situation would deny

---

[2]Contrary to the position of State Farm, this request does not include situations in which the assailant was traveling in the same vehicle as the victim, which would not seem to this Court to be included within the term "car-to-car" shootings.

the opposing party access to information vital to his or her defense. Defendants Vialpando and Moore argue that by asserting Plaintiff has acted reasonably in denying the claim here, Plaintiff has admitted that it is relying on the coverage opinion written by Plaintiff's counsel.

The Court believes that to the extent case law creates a waiver of a common law privilege, the waiver ought to be strictly construed. Here, with regard to the coverage opinion, Defendants do not meet the first part of the *DiFede* test, in that this lawsuit is a declaratory judgment action in which Plaintiff seeks to have the Court interpret the contractual language between the parties and declare that a car-to-car shooting is not within contractual coverage. The Court agrees with Plaintiff that this is not the type of affirmative action contemplated by *DiFede* in order to waive the privilege. In response to Defendants' bad faith claim, Plaintiff has asserted that it acted in good faith, but this does not appear to be a sufficiently affirmative action to fall within *DiFede*. Moreover, Plaintiff has not expressly asserted that the counsel's coverage opinion provided Plaintiff protection; rather, in deposition, Plaintiff's representative admitted that a coverage opinion was written and, in partial reliance on that opinion, Plaintiff denied the claim. This does not appear sufficient to this Court to waive the privilege.

However, with regard to the claim committee report, the Court believes that a redacted copy should be produced. Plaintiff states that the report is "*largely* based upon the legal analysis contained in the legal opinion letter." (Docket #67 at 2 (emphasis added).) Plaintiff may redact those portions of the report that it contends, in good faith, are privileged and produce the unprivileged remainder of the report to Defendants.

5

## V. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants Vasquez/Vialpando and Moore's Second Motion to Compel [filed February 9, 2009; docket #40] is **granted** and Defendants Vasquez/Vialpando and Moore's Third Motion to Compel [filed February 9, 2009; docket #42] is **granted in part and denied in part**, consistent with this Court's order.

Dated at Denver, Colorado, this 24th day of March, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge