IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01687-REB-MEH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Plaintiff,

v.

BARBARA FISHER,
LORRIE VASQUEZ, Mother and next friend of Jeremy Vasquez (a/k/a Jeremy Vialpando),
JEREMY VASQUEZ (a/k/a Jeremy Vialpando),
STACY MOORE, Mother and next friend of Caleb Moore, and
CALEB MOORE, individually,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTIONS FOR SANCTIONS

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendant Vialpando's Motion for Sanctions Against Plaintiff's Counsel [filed February 20, 2009; docket #56], Defendant Barbara Fisher's Motion for Sanctions Against Plaintiff's Counsel Based on Conduct at Barbara Taylor's Deposition [filed February 23, 2009; docket #59], and Defendant Barbara Fisher's Motion for Sanctions Against Plaintiff's Counsel Based on Conduct at Maria Taylor's Deposition [filed February 23, 2009; docket #63]. These matters are briefed and have been referred to this Court. (Dockets # 57, 60, 64.) Oral argument would not materially assist the Court in adjudicating these motions. For the reasons stated below, the Court **DENIES** Defendant Vialpando's Motion for Sanctions and Defendant Barbara Fisher's Motion for Sanctions Against Plaintiff's Counsel Based on Conduct at Maria Taylor's Deposition, and **DENIES AS MOOT** Defendant Barbara Fisher's Motion for Sanctions Against Plaintiff's Counsel Based on Conduct at Barbara Taylor's Deposition .[1]

---

[1] Because Defendant Barbara Fisher's Motions state Defendant Fisher presents an identical request for sanctions as issued by Defendant Vialpondo, and Defendant Vialpondo's request is based

**I.      Background**

The Court incorporates by reference the facts and background as described in its Order on Defendants' Second and Third Motions to Compel. The current motions arise from the deposition taken by counsel for Defendant Jeremy Vialpando (also identified as Jeremy Vasquez), Mr. LeHouillier, of Maria Taylor, the claims adjuster for State Farm responsible for the investigation into the claims submitted by Defendants Barbara Fisher, Jeremy Vialpando, and Caleb Moore. (Docket #56 at 1-2.) Mr. LeHouillier and counsel for Barbara Fisher, Mr. Winston, allege that counsel for Plaintiff, Mr. Levy, "repeatedly engaged in abusive deposition conduct," by "coaching the witness" and impermissibly instructing Ms. Taylor on how to respond to deposition questioning. (Docket #56 at 2; docket #63 at 2.)

In response, Mr. Levy contends the motions for sanctions identify no example of improper conduct with any particularity, fail to cite authority in support of their assertions of abusive behavior, and present only conclusive statements inviting the court to "divine" sanctionable activity. (*See* Docket #73 at 3-4.) Mr. Levy further argues that all objections made during the deposition intended to protect the interests of State Farm in securing work product and attorney-client privileges. (*Id.*)

**II.     Discussion**

The Court has reviewed the deposition selections provided by the Defendants and does not find that sanctions are appropriate. However, to stave off future motions in this case, the Court will advise the parties that the following interactions at the deposition are sufficiently questionable that further examples of this nature may lead to sanctions.

---

on conduct at the deposition of Maria Taylor, the Court construes Defendant Fisher's Motion at Docket #59 to be mistaken in its title and thus, denies it as moot, as this Court's order evaluates the properly titled Motion at Docket #63.

On pages 9-10, Mr. LeHouillier asks the deponent whether she had previously informed him in another case that the transcript of her deposition would be included in an electronic case file for the claim in question. Mr. Levy started to make an objection, then told the witness to answer. The witness wanted the question repeated. Then Mr. Levy, without any intervening statement or question by Mr. LeHouillier or re-reading of the question by the court reporter, interjected an interpretation of Mr. LeHouillier's question and an instruction to the deponent. Although the Court is certain that Mr. Levy was trying to assist in making the deposition more efficient, this may be have drifted into the realm of improper coaching. The same is true for pages 27-28. There, Mr. Levy instructed the witness not to listen to statements Mr. LeHouillier was making and also told Mr. LeHouillier (and, indirectly, the witness) that he was trying to get her to agree with Mr. LeHouillier's position in the case. This also may be going too far in advising the witness. Finally, at pages 50-51, Mr. Levy should have stated that he was objecting and the legal basis for the objection; however, he started into a speaking objection, which then appeared to precipitate a heated exchange with Mr. Winston.

The parties are advised to maintain open communication and not allow prior experiences and, perhaps, personal feelings to interfere with these legal proceedings.

## III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Vialpando's Motion for Sanctions Against Plaintiff's Counsel [filed February 20, 2009; docket #56] is **DENIED**, Defendant Barbara Fisher's Motion for Sanctions Against Plaintiff's Counsel Based on Conduct at Barbara Taylor's Deposition [filed February 23, 2009; docket #59] is **DENIED AS MOOT**, and Defendant Barbara Fisher's Motion for Sanctions Against Plaintiff's Counsel Based on Conduct at Maria Taylor's Deposition [filed February 23, 2009; docket #63] is **DENIED**, consistent with this Court's order.

Dated at Denver, Colorado, this 24th day of March, 2009.

                                  BY THE COURT:

                                  <u>s/ Michael E. Hegarty</u>
                                  Michael E. Hegarty
                                  United States Magistrate Judge