IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01687-REB-MEH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Plaintiff,
v.

BARBARA FISHER,
LORRIE VASQUEZ, Mother and next friend of Jeremy Vasquez (a/k/a Jeremy Vialpondo),
JEREMY VASQUEZ (a/k/a Jeremy Vialpondo),
STACY MOORE, Mother and next friend of Caleb Moore, and
CALEB MOORE, individually,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 30, 2009.**

    This Court first reminded all parties in this proceeding of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A on February 10, 2009. (Docket #44.) In this Court's Order issued March 24, 2009, the Court explicitly advised the parties to maintain open communication and not allow prior experiences and, perhaps, personal feelings to interfere with these legal proceedings. (Docket #77.)

    Accordingly, the Fourth Motion to Compel by Defendants Vialpando and Moore [filed March 25, 2009; docket #79] is **stricken** for failure to comply with Fed. R. Civ. P. 37(a)(1) and D.C. Colo. LCivR 7.1A.

    Furthermore, Plaintiff's Motion to Strike Vasquez and Moore Defendants' Fourth Motion to Compel for Failure to Reasonably Confer Pursuant to Fed.R.Civ.P. 37(a)(1) and D.C.Colo.L.CivR.7.1 [filed March 26, 2009; docket #81] is **stricken** for failure to comply with D.C. Colo. LCivR 7.1A. Although Plaintiff represents to the Court that counsel for Defendants Vialpando and Moore is "out of the office" until March 31, 2009, such excuse does not satisfy Plaintiff's obligation to confer in good faith pursuant to D.C. Colo. LCivR 7.1A.

    D.C. Colo. LCivR 7.1A states that "[t]he court will not consider **any** motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter." (Emphasis added.)