IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01687-REB-MEH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Plaintiff,

v.

BARBARA FISHER,
LORRIE VASQUEZ, Mother and next friend of Jeremy Vasquez (a/k/a Jeremy Vialpando),
JEREMY VASQUEZ (a/k/a Jeremy Vialpando),
STACY MOORE, Mother and next friend of Caleb Moore, and
CALEB MOORE, individually,

      Defendants.

## ORDER ON THE VASQUEZ/VIALPANDO AND MOORE DEFENDANTS' MOTION FOR LEAVE TO AMEND SCHEDULING ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is the Vasquez/Vialpando and Moore Defendants' Motion for Leave to Amend Scheduling Order [filed March 9, 2009; docket #70]. This matter is briefed and referred to this Court. (Docket #71.) Oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, the Court **grants** the Vasquez/Vialpando and Moore Defendants' Motion for Leave to Amend Scheduling Order.

**I.  Facts**

The parties describe the following undisputed facts in the Scheduling Order. (Docket #24 at 7-8.) On November 5, 2007, Defendants Jeremy Vialpando and Caleb Moore and non-party Robert Ellsworth were passengers in a 1991 Ford Explorer operated by Michael Fisher. Defendant Vialpando received a telephone call from non-party Tiffany Howard. Ms. Howard asked Vialpando

to pick her up from her residence because she was concerned about the conduct of non-party Andrew Brown, with whom she had recently ended a relationship. Michael Fisher agreed to pick up Ms. Howard and did pick up Ms. Howard. Shortly after picking up Ms. Howard, Michael Fisher and his passengers became aware that they were being chased by a 1991 Chevrolet Suburban operated by the aforementioned Andrew Brown, who had been watching Ms. Howard's residence. In his 1991 Chevrolet Suburban, Mr. Brown chased Fisher's 1991 Ford Explorer and its occupants for over two miles and in excess of six minutes southbound on Murray Boulevard in Colorado Springs, while some of the occupants of the Fisher vehicle were on the phone with a 911 operator.

While proceeding south on Murray Boulevard, the Suburban operated by Mr. Brown pulled up alongside Michael Fisher's vehicle. Mr. Brown fired a shotgun at the vehicle, striking Defendant Vialpando. Defendant Moore was struck by flying glass caused by the shotgun blast. After Mr. Brown fired his shotgun into the vehicle, Mr. Fisher immediately pulled his vehicle over to the side of the road. Mr. Fisher, Ms. Howard, Mr. Moore and Mr. Ellsworth exited the vehicle. Mr. Brown turned his vehicle around, stopped and exited his vehicle.

Mr. Fisher was attempting to obtain assistance from a third party when Mr. Brown exited his vehicle. Mr. Brown fired his shotgun at Mr. Fisher as he attempted to flee, causing Mr. Fisher's death. Immediately thereafter, Mr. Brown killed himself. On November 5, 2007, the Fisher vehicle was insured by State Farm policy 142 5836-D05-06, which policy included Uninsured/Underinsured motorist coverage. On November 5, 2007, Mr. Brown's vehicle carried liability insurance under a policy with GEICO. GEICO has declined to indemnify Mr. Brown or his estate for the bodily injury and/or wrongful death claims asserted by Mr. Vialpando, Mr. Moore, and Ms. Fisher.

## II.     Background

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") initiated this declaratory judgment action on August 8, 2008. (Docket #1.) Plaintiff seeks the Court to declare that "State Farm has no duty to compensate Defendants under the uninsured/underinsured motorist policies issued to Michael and Barbara Fisher," because State Farm contends the incident giving rise to Defendants' injuries falls outside of the scope of the insuring agreement in this matter. State Farm asserts that Defendants' injuries were not "caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle," and thus, are not covered by the State Farm policy. (*Id*. at 6.)

Defendants Vasquez/Vialpando and Moore asserted counterclaims against Plaintiff State Farm seeking uninsured coverage benefits and relief for bad faith. (Docket #4.) Defendants allege Plaintiff State Farm is obligated to provide uninsured coverage benefits to cover bodily injury in the amount they would have been able to collect from Andrew Brown or the owner of the vehicle driven by Brown. (*Id*. at 4.) Furthermore, Defendants contend Plaintiff's denial of their insurance claims constitutes bad faith because such denial was unreasonable and in contravention of three Colorado appellate decisions. (*Id*. at 4-5.) In their Answer and Counterclaims, Defendants Vasquez/Vialpando and Moore also request "double damages and attorney's fees" pursuant to C.R.S. § 10-3-1116. (*Id*. at 5.)

In the present motion, the Vasquez/Vialpando and Moore Defendants seek to amend the Scheduling Order for the purpose of extending the time in which to amend their counterclaims with a claim for exemplary damages pursuant to C.R.S. § 13-21-102(1.5)(a). Defendants' Motion to Amend the Scheduling Order is effectively a motion to amend Defendants' answer to add a

counterclaim for exemplary damages, and Defendants include their proposed Amended Answer and Counterclaims as an exhibit to this Motion.  (Docket #70-2.)

The Scheduling Order governing this matter established the deadline for joinder of parties and amendment of pleadings on or before January 6, 2009.  (Docket #25 at 11.)  According to the Scheduling Order, the parties were to exchange Rule 26(a)(1) disclosures on or before November 25, 2008.  (*Id*. at 10.)  In support of their Motion, Defendants represent that Plaintiff provided its initial disclosures on January 9, 2009, which included the State Farm claim log.  Defendants believe the claim file, the deposition of Maria Taylor who is the State Farm adjustor responsible for Defendants' claims, their "bad faith expert witness report," and governing case law establish prima facie proof of a triable issue as required by C.R.S. § 13-21-102(1.5)(a).  (Docket #70.)

In response, Plaintiff State Farm asserts Defendants' proposed evidence fails to meet the requisite C.R.S. § 13-21-102(1.5)(a) standard.  Plaintiff particularly emphasizes that Defendants' contention regarding Maria Taylor's familiarity with Colorado precedent regarding uninsured motorist coverage as relevant to the issue of exemplary damages as "meritless."  (Docket #84 at 3.)  Moreover, Plaintiff believes Colorado law precludes an award of exemplary damages in a breach of insurance contract, "unless the conduct complained of would constitute an independent tort." (*Id*. at 10.)  Additionally, Plaintiff alleges Defendants' claim pursuant to C.R.S. § 10-3-1116 bars "duplicative" exemplary damages pursuant to C.R.S. § 13-21-102(1.5)(a).  (*Id*. at 11.)

**III.   Analysis**

Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis.  A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b).  The standard for "good cause" is the diligence

demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

   C.R.S. § 13-21-102(1.5)(a) states as follows:

> (1.5)(a) A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings ***only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue***. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

(emphasis added). Thus, Defendants could amend for exemplary damages only after the exchange of Rule 26 initial disclosures. Defendants represent to the Court that Plaintiff provided its Rule 26 initial disclosures on January 9, 2009. (Docket #70 at 2.) Plaintiff does not dispute this point. Notably, even though Defendants submitted their Motion two months after receiving the case file, Plaintiff fails to raise timeliness as a defense, and the Court will not do so on Plaintiff's behalf. For the purposes of judicial economy and efficiency, and because the initial discovery exchange took place three days after the Scheduling Order's deadline for joinder of parties and amendment of pleadings, the Court finds good cause to amend the scheduling order.

Once good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 13(f). Pursuant to Rule 13(f), "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed. R. Civ. P. 13(f) (2008). In the matter at hand, Defendants rightly point out that Colorado statute precludes bringing a claim for exemplary damages until after initial disclosures are made and the party seeking exemplary damages can establish *"prima facie* proof of a triable issue." C.R.S. § 13-21-102(1.5)(a). Because the Court finds good cause to extend the deadline for joinder and amendment of pleadings, the Court now proceeds to evaluate the merits of Defendants' request to amend their counterclaims with a claim for exemplary damages.

Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." C.R.S. § 13-21-102(1)(b). Thus, in order for an amended counterclaim seeking exemplary damages to be proper, the Court must find Defendants establish prima facie proof of a triable issue that Plaintiff purposefully behaved in a dangerous, heedless and reckless manner "without regard to consequences, or of the rights and safety of others."

"The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. District Court in and for the City and County of Denver*, 619 P.2d 768, 771 (Colo. 1980). Defendants must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to

demonstrate the requisite prima facie proof of a triable issue.  *Id*.

Defendants seek to add two numbered paragraphs to their Answer and Counterclaims, as follows:

> 40.  The Vasquez/ Vialpando and Moore Defendants have been damaged by State Farm's bad faith.
> 41.  State Farm's adjusting conduct in connection with the Vasquez/ Vialpando and Moore claims was willful and wanton, thereby entitling the Vasquez/ Vialpando and Moore Defendants to exemplary damages.

In support of these amendments, Defendants in essence present two contentions.  First, Defendants allege that Maria Taylor, the State Farm adjustor who evaluated Defendants' claims, lacked familiarity with the governing case law analogous to the facts at hand, which therefore constitutes willful and wanton conduct regarding the denial of Defendants' claims. (Docket #70 at 3.)  Second, Defendants assert that their expert witness report regarding bad faith outlines in "clear and unequivocal terms [the] opinion that State Farm had engaged in bad faith" in the evaluation of Defendants' claims.  (*Id*.)

Defendants represent to the Court that the three Colorado appellate cases regarding car-to-car shootings and the subsequent role of automobile insurance, as is at issue in this case, all involve State Farm as a party and conclude against State Farm's interests. (Docket #90 at 2.)  Defendants cite *State Farm Auto. Ins. Co. v. McMillan*, 925 P.2d 785, 787 (Colo. 1996) (concluding in pertinent part as consistent with *Cung La*, "gunshot injuries sustained during a traffic altercation were 'caused by accident' and, therefore, subject to uninsured motorist coverage."); *Cung La v. State Farm Auto. Ins. Co.*, 830 P.2d 1007, 1012 (Colo. 1992) (holding in pertinent part, "If, as the petitioner contends, the assailant identified and shot him because of the vehicle he was driving and would not have shot him but for his driving the vehicle, the injuries he sustained form the gunshot were causally related

to his use of the vehicle," and such causal connection invokes the application of the automobile insurance policy at issue); and *State Farm Mutual Auto. Ins. Co. v. Tye*, 931 P.2d 540, 541-42 (Colo. App. 1996) (relying on *McMillan* and *Cung La*, the Court determined when viewed from victim's perspective, an intentional shooting from one car to the other constituted an accident arising out of the use and operation of a motor vehicle, thereby implicating uninsured motorist coverage for the injuries sustained). Defendants emphasize their perspective that as a party to the above cases, Plaintiff State Farm is "uniquely bound" by the determinations in the listed precedent. (*Id.*)

At this early stage of the litigation, the Court is concerned only with whether the evidence, when viewed in the light most favorable to Defendants, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of amending their Answer and Counterclaims to seek exemplary damages, and not whether such evidence is sufficient to defeat summary judgment. *See American Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.,* 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007) (unpublished decision). Furthermore, the Court must consider the evidence presented and the cited applicable precedent in light of the Court's obligation to freely give leave to amend when justice so requires.[1] Based on the three relevant Colorado Supreme Court and Court of Appeals' holdings, the deposition of Maria Taylor, and the expert report as described, the Court believes such evidence indicates "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." As each of the three cases adjudicated State Farm's interests as related to

---

[1]It is well settled that Rule 13(f) is applied along with Rule 15(a) of the Federal Rules of Civil Procedure. *See Smith Contracting Corp. v. Trojan Constr. Co.*, 192 F.2d 234, 236 (10th Cir. 1951); *Essential Housing Mgmt, Inc. v. Walker*, 166 F.3d 332, *4 (4th Cir. Jun. 9, 1998) (unpublished). The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2008); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

automobile insurance coverage and car-to-car shootings, the Court also concludes it is possible that State Farm was "conscious of [its] conduct and the existing conditions and knew or should have known that injury would result" in this matter. The Court emphasizes that this order does not address the merits of awarding exemplary damages; however, the issue of exemplary damages can properly be included in the pleadings at this stage of the litigation.

**IV.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that the Vasquez/Vialpando and Moore Defendants' Motion for Leave to Amend Scheduling Order [filed March 9, 2009; docket #70] is **granted**; and

The Clerk of Court is directed to enter the proposed Vasquez/Vialpando and Moore Amended Answer and Counterclaims located at Docket #70-2.

Dated at Denver, Colorado, this 15th day of April, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge