IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01687-REB-MEH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Plaintiff,

v.

BARBARA FISHER,
LORRIE VASQUEZ, Mother and next friend of Jeremy Vasquez (a/k/a Jeremy Vialpando),
JEREMY VASQUEZ (a/k/a Jeremy Vialpando),
STACY MOORE, Mother and next friend of Caleb Moore, and
CALEB MOORE, individually,

     Defendants.

---

### ORDER ON DEFENDANTS' RENEWED FOURTH MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Pending before the Court is Defendants Vasquez/Vialpando and Moore's Renewed Fourth Motion to Compel [filed April 14, 2009; docket #94]. This matter is briefed and referred to this Court. (Docket #95.) Oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, the Court **GRANTS** the Renewed Fourth Motion to Compel.

**I.    Facts**

     The parties describe the following undisputed facts in the Scheduling Order. (Docket #24 at 7-8.) On November 5, 2007, Defendants Jeremy Vialpando and Caleb Moore and non-party Robert Ellsworth were passengers in a 1991 Ford Explorer operated by Michael Fisher. Defendant Vialpando received a telephone call from non-party Tiffany Howard. Ms. Howard asked Vialpando to pick her up from her residence because she was concerned about the conduct of non-party Andrew Brown, with whom she had recently ended a relationship. Michael Fisher agreed to pick up Ms. Howard, and did pick up Ms. Howard. Shortly after picking up Ms. Howard, Michael Fisher

and his passengers became aware that they were being chased by a 1991 Chevrolet Suburban operated by the aforementioned Andrew Brown, who had been watching Ms. Howard's residence. In his 1991 Chevrolet Suburban, Mr. Brown chased Fisher's 1991 Ford Explorer and its occupants for over two miles and in excess of six minutes southbound on Murray Boulevard, while some of the occupants of the Fisher vehicle were on the phone with a 911 operator.

While proceeding south on Murray Blvd. in Colorado Springs, the Suburban operated by Mr. Brown pulled up alongside Michael Fisher's vehicle. Mr. Brown fired a shotgun at the vehicle, striking Defendant Vialpando. Defendant Moore was struck by flying glass caused by the shotgun blast. After Mr. Brown fired his shotgun into the vehicle, Mr. Fisher immediately pulled his vehicle over to the side of the road. Mr. Fisher, Ms. Howard, Mr. Moore and Mr. Ellsworth exited the vehicle. Mr. Brown turned his vehicle around, stopped and exited his vehicle.

Mr. Fisher was attempting to obtain assistance from a third party when Mr. Brown exited his vehicle. Mr. Brown fired his shotgun at Mr. Fisher as he attempted to flee, causing Mr. Fisher's death. Immediately thereafter, Mr. Brown killed himself. On November 5, 2007, the Fisher vehicle was insured by State Farm policy 142 5836-D05-06, which policy included Uninsured/Underinsured motorist coverage. On November 5, 2007, Mr. Brown's vehicle carried liability insurance under a policy with GEICO. GEICO has declined to indemnify Mr. Brown or his estate for the bodily injury and/or wrongful death claims asserted by Mr. Vialpando, Mr. Moore, and Ms. Fisher.

## II.    Background

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") initiated this declaratory judgment action on August 8, 2008. (Docket #1.) Plaintiff seeks the Court to declare that "State Farm has no duty to compensate Defendants under the uninsured/underinsured motorist policies issued to Michael and Barbara Fisher," because State Farm contends the incident giving rise

to Defendants' injuries falls outside of the scope of the insuring agreement in this matter.  State Farm asserts that Defendants' injuries were not "caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle," and thus, are not covered by the State Farm policy.  (*Id*. at 6.)  Defendants have filed a bad faith counterclaim based on the denial of coverage.

The present motion concerns prior deposition testimony of State Farm representatives Maria Taylor and Nadine Cain in unrelated cases.  Defendants contend that this deposition testimony will provide insight concerning Plaintiff's handling of claims.  Plaintiff objects on relevance grounds, as well as confidentiality and copyright concerns.

## III.    Legal Standard

The scope of evidence subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1).  *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).

## IV.    Analysis

It is clear enough to this Court that the mere fact that the depositions occurred in prior, unrelated litigation is an insufficient basis to refuse production.  *E.g., Banks v. City of Whitehall*, 344 F.3d 550, 554 (6th Cir. 2003); *Gulf USA Corp. v. Federal Ins. Co.*, 259 F.3d 1049, 1056 (9th Cir. 2001); *King v. Armstrong World Indus., Inc.*, 906 F.2d 1022, 1026 (5th Cir. 1990).  The test is Rule

401 relevance, and to the extent the deponents have previous sworn testimony concerning claims handling policies, practices and procedure, that test appears to be met here.  The Court agrees with the sentiments of Plaintiff concerning the potentially slight probative value of the transcripts and likely would not require their production if it were burdensome to Plaintiff.  However, the only burden here is to redact irrelevant or confidential material (a concession to which Defendants have already agreed).  Therefore, the Court will order the production of the requested transcripts, but (1) only for those pages which discuss claims handling policies, procedures and practices, and (2) with allowance for redactions of "highly confidential and private medical and financial information concerning State Farm's insureds."

Finally, this is the type and extent of information that parties frequently file in the public record as attachments to dispositive motions and, therefore, it does not appear to the Court that issues of copyright protection should preclude their production here.

**V.      Conclusion**

Accordingly, it is hereby ORDERED that Defendants Vasquez/Vialpando and Moore's Renewed Fourth Motion to Compel [filed April 14, 2009; docket #94] is **GRANTED** as stated herein.

Dated at Denver, Colorado, this 20th day of May, 2009.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge