IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01687-REB-MEH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Plaintiff,

v.

BARBARA FISHER,
LORRIE VASQUEZ, Mother and next friend of Jeremy Vasquez (a/k/a Jeremy Vialpando),
JEREMY VASQUEZ (a/k/a Jeremy Vialpando),
STACY MOORE, Mother and next friend of Caleb Moore, and
CALEB MOORE, individually,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER TO PERMIT DEPOSITION OF JAMES JOHNSON

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Amend Scheduling Order to Permit Deposition of James Johnson [filed May 19, 2009; docket #114]. This matter is briefed and referred to this Court for disposition. (Docket #115.) Oral argument would not materially assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** the Motion to Amend Scheduling Order to Permit Deposition of James Johnson.

**I.  Facts**

The parties describe the following undisputed facts in the Scheduling Order. (Docket #24 at 7-8.)  On November 5, 2007, Defendants Jeremy Vialpando and Caleb Moore and non-party Robert Ellsworth were passengers in a 1991 Ford Explorer operated by Michael Fisher. Defendant Vialpando received a telephone call from non-party Tiffany Howard. Ms. Howard asked Vialpando to pick her up from her residence because she was concerned about the conduct of non-party

Andrew Brown, with whom she had recently ended a relationship. Michael Fisher agreed to pick up Ms. Howard, and did pick up Ms. Howard. Shortly after picking up Ms. Howard, Michael Fisher and his passengers became aware that they were being chased by a 1991 Chevrolet Suburban operated by the aforementioned Andrew Brown, who had been watching Ms. Howard's residence. In his 1991 Chevrolet Suburban, Mr. Brown chased Fisher's 1991 Ford Explorer and its occupants for over two miles and in excess of six minutes southbound on Murray Boulevard, while some of the occupants of the Fisher vehicle were on the phone with a 911 operator.

While proceeding south on Murray Blvd. in Colorado Springs, the Suburban operated by Mr. Brown pulled up alongside Michael Fisher's vehicle. Mr. Brown fired a shotgun at the vehicle, striking Defendant Vialpando. Defendant Moore was struck by flying glass caused by the shotgun blast. After Mr. Brown fired his shotgun into the vehicle, Mr. Fisher immediately pulled his vehicle over to the side of the road. Mr. Fisher, Ms. Howard, Mr. Moore and Mr. Ellsworth exited the vehicle. Mr. Brown turned his vehicle around, stopped and exited his vehicle.

Mr. Fisher was attempting to obtain assistance from a third party when Mr. Brown exited his vehicle. Mr. Brown fired his shotgun at Mr. Fisher as he attempted to flee, causing Mr. Fisher's death. Immediately thereafter, Mr. Brown killed himself. On November 5, 2007, the Fisher vehicle was insured by State Farm policy 142 5836-D05-06, which policy included Uninsured/Underinsured motorist coverage. On November 5, 2007, Mr. Brown's vehicle carried liability insurance under a policy with GEICO. GEICO has declined to indemnify Mr. Brown or his estate for the bodily injury and/or wrongful death claims asserted by Mr. Vialpando, Mr. Moore, and Ms. Fisher.

**II.    Background**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") initiated this declaratory judgment action on August 8, 2008. (Docket #1.) Plaintiff seeks the Court to declare

that "State Farm has no duty to compensate Defendants under the uninsured/underinsured motorist policies issued to Michael and Barbara Fisher," because State Farm contends the incident giving rise to Defendants' injuries falls outside of the scope of the insuring agreement in this matter. State Farm asserts that Defendants' injuries were not "caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle," and thus, are not covered by the State Farm policy. (*Id*. at 6.) Defendants filed a bad faith counterclaim based on the denial of coverage. (*See* docket #101.)

The present motion concerns amending the schedule in this matter to allow Plaintiff to depose James Johnson, Esq., who is an expert retained by Defendants Jeremy Vasquez and Caleb Moore concerning their bad-faith breach of insurance contract claims. (Docket #114 at 2.) Plaintiff asserts it "inadvertently omitted" Mr. Johnson from its April 14, 2009, unopposed request to amend the scheduling order for the purpose of conducting additional depositions, but because Plaintiff requested Mr. Johnson's deposition the following day, April 15, 2009, and the original scheduling order in this matter provides for the depositions of designated experts, Plaintiff should be permitted to depose Mr. Johnson. (Docket #122 at 2. *See also* docket #24 at 13 (original scheduling order).) As demonstrated by the docket, Defendant Barbara Fisher filed the only response to Plaintiff's motion. (Docket #121.) The Court ordered the Defendants to respond to this motion on or before May 27, 2009. (Docket #118.) Defendants Vasquez and Moore failed to submit a response; thus, the Court construes their lack of response as indicating they no longer oppose the relief requested. For the reasons stated below, the Court believes Plaintiff demonstrates good cause to amend the schedule in this matter and allow the deposition of Mr. Johnson.

**III.   Discussion**

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R.

Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

In this matter, Plaintiff duly requested additional time to conduct depositions, which was not opposed by Defendants, on April 14, 2009. (Docket #92.) In granting this request, the Court extended the discovery cut-off generally, up to and including May 15, 2009. (Docket #96.) Plaintiff did not include Mr. Johnson in the unopposed request, which identified certain persons to be deposed. (Docket #92.) However, as demonstrated by Exhibit A attached to the motion at hand, Plaintiff requested Mr. Johnson's deposition in a letter submitted to Defendants Vasquez and Moore's counsel dated the following day, April 15, 2009. (Docket #114 at 6.) In response to this letter, counsel for Defendants Vasquez and Moore denied Plaintiff's request to depose Mr. Johnson, indicating that because the discovery deadline originally ended on April 15, 2009, and Plaintiff failed to specifically include Mr. Johnson in the list of person to be deposed in the motion filed on April 14, 2009, Defendants did not believe Plaintiff would be entitled to Mr. Johnson's deposition. (*Id.* at 8.) Defendant Fisher echoes this reasoning in her response to the present motion. (*See* docket #121.)

Plaintiff asserts counsel for Defendant "refused to cooperate with State Farm in scheduling the deposition of Mr. Johnson, a fact which counsel for Defendant does not dispute in their response brief." (Docket #122 at 2.) The Court believes Plaintiff demonstrated the requisite diligence in attempting to meet the Court's deadlines by filing the unopposed request for an extension of the discovery period and by issuing the letter to Defendants requesting Mr. Johnson's deposition. Such conduct negates the possibility of prejudice against Defendants in allowing the sought deposition.

Further, the Court, in granting the previous motion to extend discovery, did not limit such extension to the specifically identified depositions in the request. Therefore, the Court grants Plaintiff's motion. The Court extends the discovery cut-off in this matter up to and including **June 19, 2009**, for the sole purpose of allowing Plaintiff to depose Mr. Johnson.

**IV.    Conclusion**

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Amend Scheduling Order to Permit Deposition of James Johnson [filed May 19, 2009; docket #114] is **GRANTED** as stated herein.

Dated at Denver, Colorado, this 3rd day of June, 2009.

                                                BY THE COURT:

                                                s/ Michael E. Hegarty
                                                Michael E. Hegarty
                                                United States Magistrate Judge